**SIGNED THIS: January 28, 2009**

					_____
					**THOMAS L. PERKINS**
					**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BERWICK BLACK CATTLE COMPANY, | ) | No.  06-82166 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| MARK RAY, | ) | No.  06-82165 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

On January 15, 2009, this Court issued its Opinion and entered an Order granting the Motions of the Debtors, Berwick Black Cattle Company and Mark Ray (DEBTORS) to dismiss these Chapter 11 cases. *In re Berwick Black Cattle Company*, 2009 WL 113417 (Bankr.C.D.Ill. 2009).  Eleven days later, on January 26, 2009, the law firm of Becker & Poliakoff, P.A. (B&P), formerly retained as counsel for the Official Committee of Unsecured Creditors, filed an emergency motion asking the Court to reconsider its January 15, 2009

Opinion and Order. Specifically, B&P requests the Court to order that the cases not be dismissed, that a Chapter 11 trustee be appointed and paid on a contingency basis, and that B&P be retained on a contingency basis to prosecute adversary proceedings on behalf of the Chapter 11 trustee.

At the Court's direction, the Clerk scheduled a telephonic hearing on the motion to reconsider on February 3, 2009, with written objections to be filed by February 2, 2009. On January 27, 2009, B&P filed a second emergency motion asking for an immediate hearing (prior to February 1, 2009) to consider a request for an order tolling the running of the limitations period set forth in 11 U.S.C. § 546(a). The stated basis for the tolling order is the expiration of the two-year limitations period on February 1, 2009.

To expedite resolution of these motions, the Court will exercise its discretion to decide the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and CDIL-LR 7.1(A)(1)(d). The sole allegation of error with respect to the January 15, 2009 Opinion is the Court's observation that because of the insolvency of the estates, it is doubtful that any independent and qualified person would be willing to serve as Chapter 11 trustee. In the motion to reconsider, B&P identifies Alan L. Goldberg as someone willing to serve as trustee, attaching his declaration and curriculum vitae.

Apparently in an effort to "play the field," the motion for reconsideration fails to identify the particular Rule under which relief is sought. B&P cites to Fed. R. Bankr. P. 8002(b), addressing the effect of a motion on the time for appeal, but that Rule refers, alternatively, to motions under Rules 7052, 9023 and 9024. Regardless of its true basis, the motion for reconsideration must be denied.

B&P fails to address, or even acknowledge, the primary reason identified by the Court for denying the motions for appointment of a Chapter 11 trustee, that such appointment would constitute an impermissible *de facto* conversion. This stand-alone reason is entirely independent of the Court's subsequent discussion of the various costs and benefits of appointment of a Chapter 11 trustee, if such an appointment was otherwise permitted. Moreover, the Court determined on balance, taking into consideration the totality of the circumstances including the rights retained by creditors to pursue the Debtor, Mark Ray, outside of bankruptcy, that the movants had not established that appointment of a Chapter 11 trustee was in the best interests of creditors and the estate. Whether an independent, qualified person would be willing to serve as Chapter 11 trustee, was only one of several factors analyzed in the Court's Opinion. The fact that someone could be identified as willing to serve with compensation payable solely on a contingency basis, does not cause the Court to change its conclusion.

B&P, in its emergency motion for a tolling order filed January 27, 2009, states that it seeks an extension of the limitations period set forth in 11 U.S.C. § 546(a) until such time as the Court rules on its motion for reconsideration. By denying the motion for reconsideration today, two days after its filing and one day after the filing of the motion for tolling order, the relief requested in the motion for tolling order is no longer needed and that motion is properly denied as moot.

For whatever it may be worth to B&P, this expeditious disposal of its motion for reconsideration is purposely made today, January 28, 2009, to allow for the filing of an appeal before February 1, 2009. This Court, however, makes no determination about the

effect on the Section 546(a) limitations period of the dismissal order entered on January 15, 2009, the order entered today denying the motion for reconsideration, or of a notice of appeal if filed.

    For the foregoing reasons, both motions filed by B&P will be denied. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. Separate Orders will be entered.

###